U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
DEC 0 6 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JENNIFER BRASUELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 12-5260 |
| THE MCHUGHES LAW FIRM, LLC | ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JENNIFER BRASUELL, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, THE MCHUGHES LAW FIRM, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. JENNIFER BRASUELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bethel Heights, County of Benton, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Citicorp Trust Bank (hereinafter, "the Debt").

1

6. The Debt was for a loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief Cach, LLC, purchased, acquired and/or otherwise obtained the Debt.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. THE MCHUGHES LAW FIRM, LLC, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of Arkansas.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

15. On or about January 13, 2012, a lawsuit was filed against Plaintiff in the Circuit Court of Benton County, State of Arkansas captioned as *Cach, LLC v. Jennifer Smith*, with case number CV2012-54-6 (hereinafter, "the Benton County Lawsuit.").

16. The Benton County Lawsuit was filed against Plaintiff in an attempt to collect the Debt.

17. Defendant represents Cach, LLC in the Benton County Lawsuit.

18. The Benton County Lawsuit was filed against Plaintiff seeking a balance of $3,690.44 relative to the Debt.

19. On or about August 17, 2012, Plaintiff was served with the Benton County Lawsuit.

20. In August 2012, on or subsequent to August 17, 2012 and on or prior to August 28, 2012, Plaintiff engaged in multiple telephone conversations with Defendant wherein Defendant attempted to collect the Debt.

21. During the course of the aforesaid time period, during a telephone conversation between Plaintiff and Defendant, the parties discussed entering into a payment agreement relative to the Debt.

22. Plaintiff and Defendant agreed that Plaintiff could make monthly payments of $150.00 to Defendant relative to the Debt.

23. Plaintiff and Defendant further agreed that prior to making the monthly payments to Defendant, Plaintiff would make a payment to Defendant in the amount of $795.00 relative to the Debt.

24. Defendant informed Plaintiff that it would send her documentation relative to the terms of the payment agreement.

25. On or about August 28, 2012, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt. (See a true and exact copy of said correspondence, dated August 28, 2012, attached hereto as **Exhibit A**).

26. In the correspondence, dated August 28, 2012, Defendant stated "PAYMENT ARRANGEMENT." (*Emphasis included*).

27. In the correspondence, dated August 28, 2012, Defendant stated "[t]his letter will confirm the payment arrangement that we discussed and agreed upon for the above reference account. Our agreed payment arrangement is $150.00 a MONTH due 10/15/2012. Your agreed payments are due on the same day each month thereafter, until paid in full." (*Emphasis included*).

28. In the correspondence, dated August 28, 2012, that Defendant sent to Plaintiff, Defendant did not state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

29. In the correspondence, dated August 28, 2012, Defendant enclosed for Plaintiff a document listing the dates of all future payments that Plaintiff was to make to Defendant in accordance with the payment agreement entered into between the parties. (See a true and exact copy of the enclosure Defendant provided to Plaintiff attached hereto as **Exhibit B**).

30. In the dcoument Defendant provided to Plaintiff, as delineated above, Defendant did not state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

31. The document Defendant provided to Plaintiff, as delineated above, clearly showed that no interest would accrue relative to the Debt during the term of the payment agreement.

32. The document Defendant provided to Plaintiff, as delineated above, clearly showed that no interest would accrue relative to the Debt subsequent to August 28, 2012.

33. The document Defendant provided to Plaintiff, as delineated above, clearly showed that Plaintiff had to pay a total amount due of $4,031.44 relative to the Debt.

34. Plaintiff received the correspondence and document sent to her by Defendant on August 28, 2012.

35. In September 2012, subsequent to Plaintiff having received the correspondence and document sent to her by Defendant, Plaintiff engaged in a telephone conversation with Defendant wherein the parties discussed the payment arrangement.

36. During the course of the aforesaid telephone conversation Plaintiff asked Defendant why it was collecting $4,031.44 relative to the Debt when Defendant was only seeking a balance due of $3,690.4 in the Benton County Lawsuit filed against Plaintiff relative to the same Debt.

37. Defendant told Plaintiff that the Debt was $4,031.44 because interest was accruing on the Debt.

38. Plaintiff told Defendant that the document it had sent to her did not indicate that interest would accrue relative to the Debt.

39. Defendant told Plaintiff that although the document it sent her demonstrated that no interest would accrue relative to the Debt, interest would in fact be accruing during the term of the payment agreement.

40. Defendant told Plaintiff that although the document it sent her demonstrated that the total amount of the Debt she would have to pay was $4,031.44, Plaintiff would actually owe more than the aforesaid amount as interest would be accruing on the aforesaid balance.

41. Defendant's conduct in providing Plaintiff with documentation setting forth the terms of a payment agreement whereby no interest would accrue relative to the Debt, and then informing Plaintiff that interest would accrue while she was paying the Debt had the effect of causing an unsophisticated consumer to become confused as to whether interest would accrue relative to the Debt, and if so at what rate.

42. Defendant's conduct in providing Plaintiff with documentation setting forth the terms of a payment agreement whereby no interest would accrue relative to the Debt, and then informing Plaintiff that interest would accrue while she was paying the Debt caused Plaintiff to become confused as to the whether interest would accrue relative to the Debt, and if so at what rate.

43. Defendant's conduct in providing Plaintiff with documentation setting forth the terms of a payment agreement whereby Plaintiff was to pay a total balance of $4,031.44 relative to the Debt, and then informing Plaintiff that interest relative to the Debt would cause her to pay more than the aforesaid amount had the effect of causing an unsophisticated consumer to become confused as to the total amount of the Debt that Plaintiff would have to pay.

44. Defendant's conduct in providing Plaintiff with documentation setting forth the terms of a payment agreement whereby Plaintiff was to pay a total balance of $4,031.44 relative to the Debt, and then informing Plaintiff that interest relative to the Debt would cause her to pay more than the aforesaid amount caused Plaintiff to become confused as to the total amount of the Debt she had to pay.

45. Defendant's representations that the documentation Defendant provided to Plaintiff contained the terms of a payment agreement entered into between the parties were false, deceptive and/or misleading given that subsequent thereto Defendant informed Plaintiff that the terms of the payment agreement had changed.

46. Alternatively, Defendant's representations to Plaintiff that interest would accrue relative to the Debt while Plaintiff was making payments to Defendant, were false, deceptive and/or misleading given that the terms of the payments agreement Defendant provided to Plaintiff, on August 28, 2012, did not require Plaintiff to pay interest relative to the Debt.

47. Alternatively, Defendant's representations to Plaintiff that interest would accrue relative to the Debt while Plaintiff was making payments to Defendant, misrepresented the character, nature and/or legal status of the Debt given that the terms of the payments agreement Defendant provided to Plaintiff, on August 28, 2012, did not require Plaintiff to pay interest relative to the Debt.

48. Alternatively, Defendant's representation to Plaintiff that she would owe more than $4,031.44 relative to the Debt was false, deceptive and/or misleading given that the terms of the payments agreement Defendant provided to Plaintiff, on August 28, 2012, only required Plaintiff to pay a balance due of $4,031.44 relative to the Debt.

49. Alternatively, Defendant's representation to Plaintiff that she would owe more than $4,031.44 relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that the terms of the payments agreement Defendant provided to Plaintiff, on August 28, 2012, only required Plaintiff to pay a balance due of $4,031.44 relative to the Debt.

50. Defendant's conduct in representing to Plaintiff the terms of the payment agreement entered into between the parties were set forth on the documentation Defendant

provided to Plaintiff only for Defendant to later inform Plaintiff that the terms of the payment agreement had changed was unfair and/or unconscionable.

51. From in or around July 2012 through in or around October 22, 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

52. During the course of the aforesaid time period, Defendant initiated multiple telephone calls to Plaintiff in a single day in an attempt to collect the Debt.

53. During the course of the aforesaid time period, Defendant initiated the following telephone calls to Plaintiff in an attempt to collect a Debt:

   a. On July 19, 2012, Defendant initiated a telephone call to Plaintiff;

   b. On July 30, 2012, Defendant initiated a telephone call to Plaintiff;

   c. On August 6, 2012, Defendant initiated a telephone call to Plaintiff;

   d. On August 13, 2012, Defendant initiated a telephone call to Plaintiff;

   e. On August 17, 2012, Defendant initiated a telephone call to Plaintiff;

   f. On August 27, 2012, Defendant initiated three (3) telephone calls to Plaintiff in a single day;

   g. On September 4, 2012, Defendant initiated two (2) telephone calls to Plaintiff in a single day;

   h. On September 17, 2012, Defendant initiated four (4) telephone calls to Plaintiff in a single day;

   i. On September 18, 2012, Defendant initiated a telephone call to Plaintiff;

   j. On September 21, 2012, Defendant initiated a telephone call to Plaintiff;

    k. On September 25, 2012, Defendant initiated four (4) telephone calls to Plaintiff in a single day;

    l. On September 28, 2012, Defendant initiated a telephone call to Plaintiff;

    m. On October 3, 2012, Defendant initiated a telephone call to Plaintiff;

    n. On October 16, 2012, Defendant initiated a telephone call to Plaintiff; and,

    o. On October 22, 2012, Defendant initiated a telephone call to Plaintiff.

54. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

55. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

56. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

57. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER BRASUELL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
JENNIFER BRASUELL

By: _____
David M. Marco
Attorney for Plaintiff

Dated: November 30, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com